1
2
3
4
5
6            **IN THE UNITED STATES DISTRICT COURT**

7               **FOR THE DISTRICT OF ARIZONA**

8   **RICKY NAPIER,**                    )
                                         )
9            **Petitioner,**             )
             **v.**                      )   **CIV 09-02386 PHX ROS (MEA)**
10                                       )
                                         )   **REPORT AND RECOMMENDATION**
11  **CHARLES L. RYAN and**              )
    **ARIZONA ATTORNEY GENERAL,**        )
12                                       )
             **Respondents.**            )
13  _____     )

14  **TO THE HONORABLE ROSALIND O. SILVER:**

15          On or about December 28, 2009, Petitioner filed a *pro*

16  *se* petition seeking a writ of habeas corpus pursuant to 42

17  U.S.C. § 2254.  Respondents filed an Answer to Petition for Writ

18  of Habeas Corpus ("Answer") (Doc. 17) on September 13, 2010.

19          Respondents filed additional pleadings on October 13,

20  2010.  See Doc. 20.  As of December 1, 2010, Petitioner has not

21  filed any reply to the answer to his petition.

22          **I Procedural History**

23          A Maricopa County grand jury indictment returned March

24  23, 2005, charged Petitioner with one count of first-degree

25  murder, one count of aggravated assault, one count of

26  first-degree burglary, and one count of armed robbery.  See

27  Answer, Exh. A.  It was alleged Petitioner shot to death a

28  person who failed to provide change for Petitioner's purchase of

twenty dollars-worth of crack-cocaine with a fifty dollar bill. Id., Exh. VV.

Prior to Petitioner's trial the state petitioned the trial court to grant use immunity to the victim's brother in exchange for his testimony at Petitioner's trial. See Petition, Attach. & Answer, Exh. G. After conducting a hearing, the trial court granted the requested immunity. Answer, Exhs. I-L. Additionally, prior to trial the state alleged aggravating circumstances other than prior convictions. Id., Exh. M.

At his trial Petitioner testified that he shot the victim in self-defense and the jury was given a self-defense instruction. Id., Exh. Z & Exh. EE & Exh. VV. Petitioner was found guilty by a jury on March 24, 2006. Id., Exh. GG & Exh. II.

On April 28, 2006, Petitioner was sentenced to a term of life in prison with the possibility of parole after 25 years pursuant to his conviction for first degree murder. Id., Exh. MM. Petitioner was sentenced to a concurrent presumptive term of 7.5 years imprisonment pursuant to his conviction for aggravated-assault. Petitioner was sentenced to a concurrent presumptive term of 7.5 years imprisonment pursuant to his conviction for first-degree-burglary and to a presumptive concurrent term of 10.5 years imprisonment on the armed-robbery conviction. Id., Exhs. MM & NN.

Petitioner took a direct appeal of his convictions and sentences. Petitioner was appointed counsel to represent him in his direct appeal. Petitioner's appointed counsel filed notice

-2-

that she had "found no arguable question of law" to raise in the direct appeal "that is not frivolous." Id., Exh. PP at 20.   The Arizona Court of Appeals granted an extension of time for Petitioner to file a *pro se* brief and denied Petitioner's subsequent motion to change attorneys.   Id., Exh. TT.

Petitioner's *pro se* brief in his direct appeal raised fifteen claims for relief.   Id., Exhs. UU.

1. Petitioner alleged his rights were violated because he was forced to wear a stun vest at trial and because officers threatened to shock Petitioner for no reason, citing to Gonzalez v. Pliler.   Petitioner also alleged that jurors observed him in handcuffs in a courtroom hallway and that the jury observed a courtroom office assault Petitioner.

2. Petitioner alleged he was entitled to relief from his convictions because the victim's brother gave perjured testimony because he was in the country illegally; the brother was using and selling drugs; a blood test indicated the brother had used crack cocaine; the brother admitted while testifying at Petitioner's trial that he had repeatedly lied to investigators; the brother failed to identify Petitioner as the perpetrator of the crimes at a line-up; the brother received immunity from potential drug possession charges arising from the incident in return for his testimony against Petitioner; at the time of Petitioner's trial, there were fifteen counts of armed robbery pending against the victim's brother.   Petitioner cites to Pennsylvania case and Arizona Rules of Criminal Procedure.   Does not mention the United States Constitution or reference any

constitutional right.

3. Petitioner asserted he was entitled to relief from his convictions based on recently-passed state legislation regarding the burden of proof in a case wherein the defendant asserted self-defense. Petitioner argued the new burden of proof scheme should be applied retroactively to his case. Petitioner asserted that nothing in the United States Constitution prohibited the application of the new legislation to his case, citing the United States Supreme Court opinions in Apprendi and Blakely.

4. Petitioner maintained that the judgment against him should be modified because there was insufficient evidence introduced at his trial to find him guilty of the charges against him. Petitioner did not cite to the United States Constitution or any federal case when asserting this argument.

5. Petitioner asserted the trial court erred by giving an incorrect instruction to the jury regarding intoxication. Petitioner alleged that Petitioner, the victim, and the victim's brother had all used drugs at the time of the crime. Petitioner did not reference the United States Constitution or any federal constitutional right in this section of his appellate brief and cited only to state court opinions in support of this argument.

6. Petitioner asserted the trial court erred by failing to give the jury an instruction regarding Arizona's "invitees law."

7. Petitioner maintained there was insufficient evidence to find him guilty on the charge of first-degree

murder.     Petitioner    alleged    that    only    a    "scintilla"    of
circumstantial    evidence    supported    the    jury's    verdicts.
Petitioner cited to <u>In re Winship</u> and <u>Jackson v. Virginia</u> when
maintaining he was entitled to relief on this basis.  Petitioner
asserted that the victim's brother's testimony was insufficient
evidence  to  support  his  conviction  because  the  witness  was
intoxicated  on  crack  cocaine  at  the  time  of  the  murder  and
because  the  witness  failed  to  identify  Petitioner  as  the
perpetrator of the crimes in a line-up after the crimes.

8. Petitioner argued that the crimes were not properly
investigated for forensic evidence.  Petitioner did not cite to
any  federal  case  law  or  reference  any  federal  constitutional
right in raising this claim.

9. Petitioner alleged the trial court erred by allowing
a  gruesome  photo  of  the  victim  to  be  displayed  for  thirty
minutes on a large screen visible to the jury, despite the fact
that the identity of the victim was not at issue.  Petitioner
asserted this error violated state law and his federal right to
due process of law.

10. Petitioner maintained the trial court erred by
limiting the cross-examination of the victim's brother to show
this witness' lack of credibility.  Petitioner argued this error
violated his right to confront the witnesses against him, citing
<u>Crawford v. Washington</u>.

11. Petitioner maintained the trial court erred by
failing  to  instruct  the  jury  on  the  lesser  charge  of
manslaughter.  Petitioner cited only to state law in asserting

-5-

this claim for relief.

12. "Rational Intellect of Statements". Petitioner alleged that at the time he was interviewed regarding the crimes he was in withdrawal from prescribed medications for anxiety and methadone and he had not slept in 35 hours. Petitioner did not reference any federal constitutional right or cite to any state or federal case when raising this claim for relief.

13. Petitioner asserted there was insufficient evidence to sustain his conviction on the charge of aggravated assault. Petitioner did not reference any federal constitutional right or cite to any federal case when raising this claim for relief.

14. Petitioner asserted there was insufficient evidence to sustain his conviction on the charge of first-degree burglary. Petitioner cited to In re Winship and Jackson v. Virginia when raising this claim. Petitioner asserted that the victim's brother's testimony was insufficient evidence to sustain his conviction because the witness was intoxicated on crack cocaine at the time of the murder and because the witness was awaiting trial on fifteen charges of aggravated robbery and was in the country illegally.

15. Petitioner asserted there was insufficient evidence to sustain his conviction on the charge of armed robbery. Petitioner cited to In re Winship and Jackson v. Virginia when raising this claim for relief. Petitioner asserted that the victim's brother's testimony was insufficient evidence because the witness' testimony that Petitioner took money from the victim's pockets was contradicted by a detective's testimony

1    that money was found in the victim's pockets.

2         The Arizona Court of Appeals affirmed Petitioner's

3    convictions and sentences in a memorandum decision filed June

4    21, 2007.  Id., Exh. VV.[1]  The Arizona Court of Appeals reviewed

5    the record on appeal for fundamental error.  The Court of

6    Appeals also specifically discussed and denied Petitioner's

7    claims that his statements to investigators were involuntary;

8    that he was mentally insufficient to stand trial; the witnesses'

9    testimony was not credible; there was insufficient evidence of

10   his guilt to sustain his convictions; he was forced to wear a

11   stun belt and vest at his trial; the state was allowed to leave

12   a gruesome picture of the victim before the jury for a half-

13   hour; that the recent affirmative defense legislation applied to

14   his case.

15        The appellate court subsequently summarily denied

16   Petitioner's motion for reconsideration of the decision denying

17   relief.  Id., Exhs. WW-XX.  Petitioner did not seek review of

18   the appellate court's denial of relief in the Arizona Supreme

19   Court.  Id., Exh. YY.

20        On August 20, 2007, Petitioner initiated an action for

21   post-conviction relief in the Maricopa County Superior Court,

22   pursuant to Rule 32, Arizona Rules of Criminal Procedure.  Id.,

23   Exh. ZZ.  Petitioner was appointed counsel to represent him in

24   _____

25       [1] The Court of Appeals stated Petitioner had not filed a
supplemental pro per brief, which is in the record before this Court.
26   The Court of Appeals evaluated the seven claims for relief raised in
Petitioner's successive motions for new counsel in his appeal, filed
27   after his appointed counsel had filed a pleading indicating she could
find no meritorious issues to raise on Petitioner's behalf.

28                                   -7-

his Rule 32 proceedings.  <u>Id.</u>, Exh. AAA.  In his Rule 32 action
Petitioner argued the alleged use of an anonymous jury.  <u>Id.</u>,
Exh. AAA.

The Maricopa County Superior Court denied relief in
Petitioner's Rule 32 action, finding his argument lacked of
merit.  <u>Id.</u>, Exh. BBB– DDD.  Petitioner sought review of this
decision.  The Arizona Court of Appeals summarily denied review
on DATE.  <u>Id.</u>, Exh. EEE–HHH.

On December 21, 2009, Petitioner filed a federal habeas
petition, raising seven claims for relief.  Respondents contend
that Petitioner procedurally defaulted three of his habeas
claims in the state courts.  Respondents assert that the other
habeas claims may be denied because the Arizona Court of
Appeals' decision denying those claims was not clearly contrary
to nor an unreasonable application of federal law.

**II Analysis**

**A. Exhaustion and procedural default**

The District Court may only grant federal habeas relief
on the merits of a claim which has been exhausted in the state
courts.  <u>See</u> <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 842, 119 S.
Ct. 1728, 1731 (1999); <u>Coleman v. Thompson</u>, 501 U.S. 722, 729-
30, 111 S. Ct. 2546, 2554-55 (1991).  To properly exhaust a
federal habeas claim, the petitioner must afford the state the
opportunity to rule upon the merits of the claim by "fairly
presenting" the claim to the state's "highest" court in a
procedurally correct manner.  <u>See</u>, <u>e.g.</u>, <u>Baldwin v. Reese</u>, 541
U.S. 27, 29-30, 124 S. Ct. 1347, 1349-50 (2004); <u>Robinson v.</u>

Schriro, 595 F.3d 1096, 1100-01 (9th Cir.), cert. denied sub nom., Ryan v. Robinson, 79 U.S.L.W. 3054 (U.S. Nov 08, 2010) (No. 10-34); Scott v. Schriro, 567 F.3d 573, 582 (9th Cir.), cert. denied, 130 S. Ct. 1014 (2009).

The Ninth Circuit Court of Appeals has concluded that, in cases arising in Arizona in which the sentence imposed is not a capital sentence, the "highest court" test of the exhaustion requirement is satisfied if the habeas petitioner presented his claim to the Arizona Court of Appeals, either on direct appeal or in a petition for post-conviction relief. See Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999). See also Paige v. Schriro, 648 F. Supp. 2d 1151, 1168-69 (D. Ariz. 2009); Crowell v. Knowles, 483 F. Supp. 2d 925, 932 (D. Ariz. 2007). Petitioner does not face a capital sentence. Accordingly, any claim presented to the Arizona Court of Appeals in Petitioner's direct appeal or in his Rule 32 action was properly exhausted. See Paige, 648 F. Supp. 2d at 1168-69; Date v. Schriro, 619 F. Supp. 2d 736, 762-63 (D. Ariz. 2006).

To satisfy the "fair presentment" prong of the exhaustion requirement the petitioner must present "both the operative facts and the legal principles that control each claim to the state judiciary." Wilson v. Briley, 243 F.3d 325, 327 (7th Cir. 2001). See also Scott, 567 F.3d at 582. The petitioner must present to the state courts the "substantial equivalent" of the habeas claim presented in federal court. Picard v. Connor, 404 U.S. 270, 278, 92 S. Ct. 509, 513-14 (1971); Libberton v. Ryan, 583 F.3d 1147, 1164 (9th Cir. 2009),

cert. denied, 130 S. Ct. 3412 (2010).

In Baldwin v. Reese, the Supreme Court reiterated that the purpose of exhaustion is to give the states the opportunity to pass upon and correct alleged constitutional errors. See 541 U.S. 27, 29, 124 S. Ct. 1347, 1349 (2004). Therefore, if the petitioner did not present the federal habeas claim to the state court as asserting the violation of a specific federal constitutional right, as opposed to violation of a state law or a state procedural rule, the federal habeas claim was not "fairly presented" to the state court. See, e.g., id., 541 U.S. at 33, 124 S. Ct. at 1351.

Full and fair presentation requires a petitioner to have presented the substance of his federal habeas claim to the state courts, including a reference to a federal constitutional guarantee and a statement of facts that entitle the petitioner to relief. See Scott, 567 F.3d at 582; Lopez v. Schriro, 491 F.3d 1029, 1040 (9th Cir. 2007). Although a habeas petitioner need not recite "book and verse on the federal constitution" to fairly present a claim to the state courts, Picard, 404 U.S. at 277-78, 92 S. Ct. at 512-13, they must do more than present the facts necessary to support the federal claim. See Anderson v. Harless, 459 U.S. 4, 6, 103 S. Ct. 276, 277 (1982). General and conclusory references to "due process" in a state court pleading do not suffice to exhaust a claim that the petitioner's federal constitutional rights were violated. See, e.g., Casey v. Moore, 386 F.3d 896, 913 (9th Cir. 2004).

-10-

A federal habeas petitioner has not exhausted a federal habeas claim if he still has the right to raise the claim "by any available procedure" in the state courts.  28 U.S.C. § 2254(c) (1994 & Supp. 2010).  Because the exhaustion requirement refers only to remedies still available to the petitioner at the time they file their action for federal habeas relief, it is satisfied if the petitioner is procedurally barred from pursuing their claim in the state courts.  See Woodford v. Ngo, 548 U.S. 81, 92-93, 126 S. Ct. 2378, 2387 (2006); Cook v. Schriro, 538 F.3d 1000, 1025-26 (9th Cir. 2008), cert. denied, 129 S. Ct. 1033 (2009).  If it is clear the habeas petitioner's claim is procedurally barred pursuant to state law, the claim is exhausted by virtue of the petitioner's "procedural default" of the claim.  See, e.g., Woodford, 548 U.S. at 92-93, 126 S. Ct. at 2387; Cook, 538 F.3d at 1025-26.

Procedural default occurs when a petitioner has never presented a federal habeas claim in state court and is now barred from doing so by the state's procedural rules, including rules regarding waiver and the preclusion of claims.  See Cook, 538 F.3d at 1025-26; Tacho v. Martinez, 862 F.2d 1376, 1378 (9th Cir. 1988).  Procedural default also occurs when a petitioner did present a claim to the state courts, but the state courts did not address the merits of the claim because the petitioner failed to follow a state procedural rule.  See, e.g., Ylst v. Nunnemaker, 501 U.S. 797, 802, 111 S. Ct. 2590, 2594-95 (1991); Ellis v. Armenakis, 222 F.3d 627, 632 (9th Cir. 2000); Szabo v. Walls, 313 F.3d 392, 395 (7th Cir. 2002).

-11-

> The doctrine of procedural default provides that a federal habeas court may not review constitutional claims when a state court has declined to consider their merits on the basis of an adequate and independent state procedural rule.  A state procedural rule is adequate if it is regularly or consistently applied by the state courts and it is independent if it does not depend on a federal constitutional ruling.  Where a state procedural rule is both adequate and independent, it will bar consideration of the merits of claims on habeas review unless the petitioner demonstrates cause for the default and prejudice resulting therefrom or that a failure to consider the claims will result in a fundamental miscarriage of justice.

McNeill v. Polk, 476 F.3d 206, 211 (4th Cir. 2007) (internal citations and quotations omitted).

> We recognize two types of procedural bars: express and implied. An express procedural bar occurs when the petitioner has presented his claim to the state courts and the state courts have relied on a state procedural rule to deny or dismiss the claim. An implied procedural bar, on the other hand, occurs when the petitioner has failed to fairly present his claims to the highest state court and would now be barred by a state procedural rule from doing so.

Robinson, 595 F.3d at 1100.

Because the Arizona Rules of Criminal Procedure regarding timeliness, waiver, and the preclusion of claims bar Petitioner from now returning to the state courts to exhaust any unexhausted federal habeas claims, Petitioner has exhausted, but procedurally defaulted, any claim not previously fairly presented to the Arizona Supreme Court in his direct appeal or in his state action for post-conviction relief.   See Insyxiengmay v. Morgan, 403 F.3d 657, 665 (9th Cir. 2005); Beaty v. Stewart, 303 F.3d 975, 987 (9th Cir. 2002).  See also Stewart

-12-

v. Smith, 536 U.S. 856, 860, 122 S. Ct. 2578, 2581 (2002); Ortiz v. Stewart, 149 F.3d 923, 931-32 (9th Cir. 1998).

An unexhausted claim may be considered in a habeas action if the petitioner demonstrates cause for, and prejudice arising from, their procedural default of their federal habeas claim. Under the "cause and prejudice" test, Petitioner bears the burden of establishing that some objective factor external to the defense impeded his compliance with Arizona's procedural rules. See Moorman v. Schriro, 426 F.3d 1044, 1058 (9th Cir. 2005). To establish prejudice, the petitioner must show that the alleged error "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170, 102 S. Ct. 1584, 1595 (1982). See also Correll v. Stewart, 137 F.3d 1404, 1415-16 (9th Cir. 1998).

Generally, a petitioner's lack of legal expertise is not cause to excuse procedural default. See Hughes v. Idaho State Bd. of Corr., 800 F.2d 905, 908 (9th Cir. 1986). Additionally, allegedly ineffective assistance of appellate counsel does not establish cause for the failure to properly exhaust a habeas claim in the state courts unless the specific Sixth Amendment claim providing the basis for cause was itself properly exhausted. See Edwards v. Carpenter, 529 U.S. 446, 451, 120 S. Ct. 1587, 1591 (2000); Coleman, 501 U.S. at 755, 111 S. Ct. at 2567 ("We reiterate that counsel's ineffectiveness will constitute cause only if it is an independent constitutional violation"); Deitz v. Money, 391 F.3d 804, 809

(6th Cir. 2004) ("[a]ttorney error does not constitute cause to excuse a procedural default unless counsel's performance was constitutionally deficient."). The ineffective assistance of post-conviction counsel does not constitute cause because "the right to counsel does not extend to state collateral proceedings or federal habeas proceedings." <u>Martinez-Villareal v. Lewis</u>, 80 F.3d 1301, 1306 (9th Cir. 1996).

> "Cause" must be something external to the petitioner. [] Attorney ignorance or inadvertence is not cause, but attorney error rising to the level of an independent constitutional violation (in the form of ineffective assistance of counsel) does constitute cause. [] In several cases, we have rejected arguments similar to Moormann's on the ground that, because there is no Sixth Amendment right to counsel in state post-conviction proceedings, there can be no independent constitutional violation as a result of post-conviction counsel's incompetence.

<u>Moormann</u>, 426 F.3d at 1058 (internal citations omitted).

Review of the merits of a procedurally defaulted habeas claim is required if the petitioner demonstrates review of the merits of the claim is necessary to prevent a fundamental miscarriage of justice. <u>See</u> <u>Dretke v. Haley</u>, 541 U.S. 386, 393, 124 S. Ct. 1847, 1852 (2004); <u>Schlup v. Delo</u>, 513 U.S. 298, 316, 115 S. Ct. 851, 861 (1995); <u>Murray v. Carrier</u>, 477 U.S. 478, 485-86, 106 S. Ct. 2639, 2649 (1986). A fundamental miscarriage of justice occurs only when a constitutional violation has probably resulted in the conviction of one who is factually innocent. <u>See</u> <u>Murray</u>, 477 U.S. at 485-86, 106 S. Ct. at 2649; <u>Thomas v. Goldsmith</u>, 979 F.2d 746, 749 (9th Cir. 1992) (showing

-14-

of factual innocence is necessary to trigger manifest injustice relief).   To satisfy the "fundamental miscarriage of justice" standard, a petitioner must establish by clear and convincing evidence that no reasonable fact-finder could have found him guilty of the offenses of conviction.   See Dretke, 541 U.S. at 393, 124 S. Ct. at 1852; Wildman v. Johnson, 261 F.3d 832, 842-43 (9th Cir. 2001).

### B. Standard of review regarding exhausted claims

The Court may not grant a writ of habeas corpus to a state prisoner on a claim adjudicated on the merits in state court proceedings unless the state court reached a decision contrary to clearly established federal law, or the state court decision was an unreasonable application of clearly established federal law.   See 28 U.S.C. § 2254(d) (1994 & Supp. 2010); Carey v. Musladin, 549 U.S. 70, 75, 127 S. Ct. 649, 653 (2006); Musladin v. Lamarque, 555 F.3d 834, 838 (9th Cir. 2009). Factual findings of a state court are presumed to be correct and can be reversed by a federal habeas court only when the federal court is presented with clear and convincing evidence.   See Miller-El v. Dretke, 545 U.S. 231, 240-41, 125 S. Ct. 2317, 2325 (2005); Miller-El v. Cockrell, 537 U.S. 322, 340, 123 S. Ct. 1029, 1041 (2003); Maxwell v. Roe, 606 F.3d 561, 567-68 (9th Cir. 2010); Stenson v. Lambert, 504 F.3d 873, 881 (9th Cir. 2007), cert. denied, 129 S. Ct. 247 (2008).   The "presumption of correctness is equally applicable when a state appellate court, as opposed to a state trial court, makes the finding of fact." Sumner v. Mata, 455 U.S. 591, 593, 102 S. Ct. 1303, 1304-05

-15-

(1982).  See also Vasquez v. Kirkland, 572 F.3d 1029, 1031 n.1 (9th Cir. 2009), cert. denied, 130 S. Ct. 1086 (2010).

A state court decision is contrary to federal law if it applied a rule contradicting the governing law of Supreme Court opinions, or if it confronts a set of facts that is materially indistinguishable from a decision of the Supreme Court but reaches a different result.  See Brown v. Payton, 544 U.S. 133, 141, 125 S. Ct. 1432, 1438 (2005); Yarborough v. Alvarado, 541 U.S. 652, 663, 124 S. Ct. 2140, 2149 (2004); Williams v. Taylor, 529 U.S. 362, 405-06, 120 S. Ct. 1495, 1519 (2000).  For example, a state court's decision is considered "contrary to federal law" if the state court erroneously applied the wrong standard of review or an incorrect test to a claim.  See Knowles v. Mirzayance, 129 S. Ct. 1411, 1419 (2009); Wright v. Van Patten, 552 U.S. 120, 124-25, 128 S. Ct. 743, 746-47 (2008). See also Frantz v. Hazey, 533 F.3d 724, 737 (9th Cir. 2008); Bledsoe v. Bruce, 569 F.3d 1223, 1233 (10th Cir. 2009).

The state court's determination of a habeas claim may be set aside under the unreasonable application prong if, under clearly established federal law, the state court was "unreasonable in refusing to extend [a] governing legal principle to a context in which the principle should have controlled."  Ramdass v. Angelone, 530 U.S. 156, 166, 120 S. Ct. 2113, 2120 (2000).  See also Murdoch v. Castro, 609 F.3d 983, 990-91 (9th Cir. 2010) (en banc); Vasquez, 572 F.3d at 1035-38; Cook, 538 F.3d at 1015.  However, the state court's decision is an unreasonable application of clearly established federal law

only if it can be considered objectively unreasonable. Williams, 529 U.S. at 409, 120 S. Ct. at 1521; Carey, 549 U.S. at 74-75, 127 S. Ct. at 653. An unreasonable application of law is different from an incorrect one. See Bell v. Cone, 535 U.S. 685, 694, 122 S. Ct. 1843, 1850 (2002); Cooks v. Newland, 395 F.3d 1077, 1080 (9th Cir. 2005).

Furthermore, only United States Supreme Court holdings, and not dicta or concurring opinions, at the time of the state court's decision are the source of "clearly established federal law" for the purpose of the "unreasonable application" prong of federal habeas review. Williams, 529 U.S. at 412, 120 S. Ct. at 1523; Carey, 549 U.S. at 74, 127 S. Ct. at 653; Ponce v. Felker, 606 F.3d 596, 599 (9th Cir.), cert. denied, 79 U.S.L.W. 3269 (U.S. Nov. 01, 2010); Plumlee v. Masto, 512 F.3d 1204, 1209-10 (9th Cir. 2008), cert. denied, 125 S. Ct. 2885 (2009).

If the Supreme Court has not addressed a specific issue in its holdings, the state court's adjudication of the issue cannot be an unreasonable application of clearly established federal law. See Stenson, 504 F.3d at 881, citing Kane v. Garcia Espitia, 546 U.S. 9, 10, 126 S. Ct. 407, 408 (2006). Stated another way, if the issue raised by the petitioner "is an open question in the Supreme Court's jurisprudence," the Court may not issue a writ of habeas corpus on the basis that the state court unreasonably applied clearly established federal law by rejecting the precise claim presented by the petitioner. Cook, 538 F.3d at 1016; Crater v. Galaza, 491 F.3d 1119, 1123 (9th Cir. 2007), cert. denied, 128 S. Ct. 2961 (2008). The

-17-

United States Supreme Court "has held on numerous occasions that it is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by this Court." <u>Knowles</u>, 129 S. Ct. at 1419, <u>citing</u> <u>Wright</u>, 552 U.S. at 124-25, 128 S. Ct. at 746-47.   <u>See also</u> <u>Vasquez</u>, 572 F.3d at 1038.

The holdings of the Circuit Courts of Appeal are relevant to resolution of a petitioner's habeas claims only to the extent they are useful in deciding whether the law has been clearly established or that the state court decision is an "unreasonable application" of United States Supreme Court precedent, and not with regard to what constitutes a violation of constitutional rights.   <u>See</u> <u>Maxwell</u>, 606 F.3d at 567; <u>Bible v. Ryan</u>, 571 F.3d 860, 870 (9th Cir. 2009), <u>cert.</u> <u>denied</u>, 130 S. Ct. 1745 (2010); <u>Ortiz-Sandoval v. Clarke</u>, 323 F.3d 1165, 1172 (9th Cir. 2003).   <u>Compare</u> <u>Smith v. Dinwiddie</u>, 510 F.3d 1180, 1186 (10th Cir. 2007).

Accordingly, a state court decision may be contrary to a Ninth Circuit Court of Appeals' holding without being an unreasonable application of United States Supreme Court precedent.   <u>See</u> <u>Kessee v. Mendoza Powers</u>, 574 F.3d 675, 679 (9th Cir. 2009).   The Ninth Circuit has held that when a Supreme Court decision does not "squarely address" the issue presented by the habeas petitioner, or if the Supreme Court principle does not "clearly extend" to the context of the situation presented by the petitioner, "it cannot be said, under AEDPA, there is

-18-

'clearly established' Supreme Court precedent addressing the issue." Moses v. Payne, 555 F.3d 742, 754 (9th Cir. 2009).

The Court must review the last reasoned state court opinion on the claims raised in the habeas action. See, e.g., Maxwell, 606 F.3d at 568; Vasquez, 572 F.3d at 1035. When there is no "reasoned" state court decision explaining the state's denial of a claim presented in a federal habeas petition, the District Court must perform an independent review of the record to ascertain whether the state court's decision summarily denying the claim was objectively reasonable. See Medley v. Runnels, 506 F.3d 857, 863 & n.3 (9th Cir. 2007), cert. denied, 128 S. Ct. 1878 (2008); Stenson, 504 F.3d at 890; Pham v. Terhune, 400 F.3d 740, 742 (9th Cir. 2005). If the Court determines that the state court's decision was an objectively unreasonable application of clearly established United States Supreme Court precedent, the Court must review whether Petitioner's constitutional rights were violated, i.e., the state's ultimate denial of relief, without the deference to the state court's decision that the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") otherwise requires. See Panetti v. Quarterman, 551 U.S. 930, 953-54, 127 S. Ct. 2842, 2858-59 (2007); Frantz, 533 F.3d at 736-37; Butler v. Curry, 528 F.3d 624, 641 (9th Cir. 2008). See also Jones v. Ryan, 583 F.3d 626, 640 (9th Cir. 2009); Delgadillo v. Woodford, 527 F.3d 919, 924-25 (9th Cir. 2008).

-19-

**D. Petitioner's claims for relief**

**1. Petitioner's first claim for relief is "involuntariness of incriminative statements (sic)".**

In the section of his habeas petition specifying facts in support of his first claim for relief, Petitioner asserts that he was not competent during his interrogation because he was in extreme pain and because he is mentally deficient. Petitioner contends that he was not competent to assist in his own defense during his interrogation. Petitioner does not cite to any provision of the United States Constitution that he believes was violated by these actions.

In his direct appeal Petitioner raised a claim similar to his first habeas claim, regarding the alleged involuntariness of Petitioner's statements to police officers investigating the crimes of conviction. However, when raising this claim in his direct appeal Petitioner did not cite to any provision of the federal constitution.

Petitioner did not "fairly present" his first federal habeas claim to the state courts as alleging the violation of a federal constitutional right. Arizona's rules regarding timeliness and the presentation of claims bar Petitioner from properly exhausting this claim at this time. Accordingly, the Court should not consider the merits of this claim absent a showing of cause and prejudice.

Petitioner has not filed a traverse to the respone to his petition. Petitioner has not shown cause for, nor prejudice arising from his procedural default of this claim. Accordingly,

-20-

habeas relief may not be awarded on this claim.

**2.    Petitioner contends that he was denied his Sixth Amendment right to a fair trial because the jury was improperly instructed regarding the "right to use force in the defense of property and crime prevention."**

Petitioner failed to properly exhaust this claim by fairly presenting it to the Arizona Court of Appeals in a procedurally correct manner in his direct appeal.    Petitioner raised an arguably similar claim in his pro se brief in his direct appeal, however, he did not cite any provision of the federal constitution nor did he assert the trial court's error violated his Sixth Amendment rights.

Petitioner did not "fairly present" his second federal habeas claim to the state courts as alleging the violation of a federal constitutional right.    Arizona's rules regarding timeliness and the presentation of claims bar Petitioner from properly exhausting this claim at this time. Petitioner has not shown cause for, nor prejudice arising from his procedural default of this claim.    Accordingly, habeas relief may not be awarded on this claim.

**3. Petitioner alleges that he is entitled to relief because the victim's brother gave perjured testimony in exchange for immunity.**

Petitioner asserts the victim's brother gave perjured testimony in return for immunity.    Petitioner maintains the conclusion that the brother committed perjury is supported by the brother's testimony that he lied to police investigating the crimes.    Petitioner also alleges the brother gave inconsistent statements to police during the investigation.    Petitioner also

-21-

contends that the trial court improperly prohibited the defense from asserting that the brother's testimony was not believable because he had been charged with other felonies and was in the country illegally.

Petitioner failed to properly exhaust this claim by fairly presenting it to the Arizona Court of Appeals in a procedurally correct manner in his direct appeal. Petitioner raised an arguably similar claim in his pro se brief in his direct appeal, however, he did not cite any provision of the federal constitution. Petitioner echoed some of the facts he alleges in this claim in the state court in the context of his argument that there was insufficient evidence to support his convictions because this witness' testimony was perjured or unreliable, as discussed infra.

Petitioner did not "fairly present" his third federal habeas claim to the state courts as alleging the violation of a federal constitutional right. Arizona's rules regarding timeliness and the presentation of claims bar Petitioner from properly exhausting this claim at this time. Petitioner has not shown cause for, nor prejudice arising from his procedural default of this claim. Accordingly, habeas relief may not be awarded on this claim.

**4. Petitioner asserts he is entitled to relief from his convictions because there was insufficient evidence to find him guilty of the crimes.**

Petitioner argues that, because the state's case against him was predicated on the brother's victim's testimony,

-22-

which he asserts was perjured, there was insufficient evidence to find him guilty on the counts of conviction. Petitioner contends "the State's whole case was [based on the testimony of Gasp[e]r" whose "credibility and reliability ... should in no way be enough" to support Petitioner's conviction on all four counts. Petition (Doc. 1) at 6.

Petitioner raised this claim in his direct appeal. The Arizona Court of Appeals denied relief on this claim, enumerating the reasons why a reasonable jury could conclude that Petitioner was guilty beyond a reasonable doubt. Answer, Exh. VV.

The Arizona Court of Appeals' determination that there was sufficient evidence to find Petitioner guilty on all the counts of conviction was not clearly contrary to federal law.

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In re Winship, 397 U.S. 358, 364, 90 S. Ct. 1068, 1073 (1970). To determine whether sufficient evidence was introduced at trial to support a habeas petitioner's conviction, the Court must decide if, "viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). See also McDaniel v. Brown, 130 S. Ct. 665, 673 (2010); McMillan v. Gomez, 19 F.3d 465, 468-469 (9th Cir. 1994).

-23-

Under this standard, a federal habeas court faced with a record of historical facts that supports conflicting inferences must presume--even if it does not appear affirmatively in the record--that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution. Jackson, 443 U.S. at 326, 99 S. Ct. at 2793. See also McDaniel, 130 S. Ct. at 673.

> [I]t is the province of the jury to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.[] As the Ninth Circuit has explained, The question is not whether we are personally convinced beyond a reasonable doubt. It is whether rational jurors could reach the conclusion that these jurors reached.[] While mere suspicion or speculation cannot be the basis for creation of logical inferences... [c]ircumstantial evidence and inferences drawn from it may be sufficient to sustain a conviction.

Atwood v. Schriro, 489 F. Supp. 2d 982, 1002-03 (D. Ariz. 2007) (internal citations and quotations omitted).

Petitioner bears the burden of proving that the record is so totally devoid of evidentiary support for the challenged conviction as to violate due process. See Crow v. Eyman, 459 F.2d 24, 25 (9th Cir. 1972). Circumstantial evidence is sufficient to support a petitioner's guilty verdict. Jackson, 442 U.S. at 324-25, 99 S. Ct. at 2792; Jones v. Wood, 207 F.3d 557, 563 (9th Cir. 2000) (finding sufficient evidence to support a murder conviction when the evidence was almost entirely circumstantial and relatively weak); Sera v. Norris, 400 F.3d 538, 547 (8th Cir. 2005). In reviewing a sufficiency of the

evidence claim, a federal habeas court must defer to the trier of fact with respect to issues of conflicting testimony, weight of the evidence, and the credibility of the witnesses. <u>Jackson</u>, 443 U.S. at 319, 99 S. Ct. at 2789.

Petitioner does not allege that he did not shoot the victim, but asserts that he acted in self-defense. At his trial, Petitioner testified that he acted in self-defense and the victim's brother testified Petitioner did not act in self-defense. The jury heard the testimony and rendered a verdict in accordance with its determination of credibility. Because the issue of evidentiary sufficiency involved witness credibility, the state court's determination that there was sufficient evidence to find Petitioner guilty was not clearly contrary to federal law nor an unreasonable application of federal law.

**5. Petitioner contends the trial court committed fundamental error in his criminal proceedings because the jury observed him wearing a stun belt and vest. Petitioner asserts he had a constitutional right to be free of restraint during his trial.**

In his fifth habeas claim, Petitioner argues that fundamental error occurred during his trial "because he had to wear a stun belt and vest in front of the jury" which "took away the defendant's presumption of innocen[ce] until[] proven guilty in the eyes of the jury..." Petitioner asserts that use of the belt and vest were "in no way warranted". Petition (Doc. 1) at 7.

Petitioner raised this claim in his direct appeal. The Arizona Court of Appeals rejected the claim on the grounds that Petitioner failed to object to the use of the belt or vest at

-25-

trial.  The appellate court also found Petitioner had not argued or show prejudice from the alleged error on appeal.  The appellate court determined Petitioner's ability to communicate with counsel was not actually impacted and that the record failed to show the jury was aware of any use of restraints. This decision was not clearly contrary to federal law nor an unreasonable application of federal law.

All of the federal cases which discuss habeas relief based on a shackling claim state that, to succeed on this type of claim, the petitioner must show that the physical restraints 'had substantial and injurious effect or influence in determining the jury's verdict..."  Rhoden v. Rowland, 172 F.3d 633, 636 (9th Cir. 1999).  See also Holbrook v. Flynn, 475 U.S. 560, 568-69, 106 S. Ct. 1340, 1345 (1986).  To be entitled to habeas relief on this claim the District Court must conclude that the jury saw or was aware of the restraint and that the restraint was not justified by state interests.  See Ghent v. Woodford, 279 F.3d 1121, 1132 (9th Cir. 2002).  Additionally, for unjustified restraint to rise to the level of a constitutional trial error, Petitioner must establish that he suffered prejudice as a result of the restraint.  See id.; Williams v. Woodford, 384 F.3d 567, 592-93 (9th Cir. 2004); Gonzalez v. Pliler, 341 F.3d 897, 903 (9th Cir. 2003).  See also Dyas v. Poole, 317 F.3d 934, 936-37 (9th Cir. 2003).

Petitioner has not established that the jury saw the restraints, that he was unable to communicate with his counsel as a result of the restraints, or that he was otherwise

-26-

prejudiced by the restraints.  See Williams, 384 F.3d at 592-93; Packer v. Hill, 291 F.3d 569, 583 (9th Cir. 2002) (concluding no prejudice resulted from the defendant's leg brace when no juror interviewed after trial remembered seeing a leg brace on the defendant); Rich v. Calderon, 187 F.3d 1064, 1069 (9th Cir. 1999).   Accordingly, the state court's conclusion that Petitioner's constitutional rights were not violated by the use of the restraints is not clearly contrary to federal law and Petitioner is not entitled to habeas relief on this claim.

**6. Petitioner argues that his right to a fair trial was violated because "gruesome photographs of victim Carlos" were allegedly "left on a big screen for thirty to forty minutes during the trial[.]"**

Petitioner states that, because he did not contest the victim's identity or the fact of the shooting, the pictures of the victim exhibited to the jury carried "no value," and that the pictures were "highly inflammatory," and, consequently, that showing the pictures prejudiced the jury.

Generally, the admissibility of evidence is a matter of state law which is not cognizable in a federal habeas proceeding.  See, e.g., Estelle, 502 U.S. at 67-68, 112 S. Ct. at 479-80; Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985).  Standing alone, the failure to comply with state rules of evidence is not a sufficient basis for granting federal habeas relief, i.e., such a failure is not equivalent to a deprivation of the federal constitutional right to due process of law.  See, e.g., Jammal v. Van de Kamp, 926 F.2d 918, 919-20 (9th Cir. 1991).  A due process violation occurs only if there

1  was no permissible inferences that the jury could draw from the

2  evidence. Id., 926 F.3d at 920.

3      To rise to the level of a constitutional violation, the

4  introduced evidence must be of such quality as necessarily

5  prevents a fair trial. Id., quoting Kealohapauole v. Shimoda,

6  800 F.2d 1463, 1465 (9th Cir. 1986).

> The essence of our inquiry under the Fifth,
> Sixth, and Eighth Amendments, as applied to
> the states under the Fourteenth Amendment, is
> whether the admission of the photographs
> rendered the proceedings fundamentally
> unfair. See Jackson v. Shanks, 143 F.3d 1313,
> 1322 (10th Cir.) ("[D]ue process arguments
> relating to the admissibility of the victims'
> ... autopsy photos ... will not support
> habeas relief 'absent fundamental unfairness
> so as to constitute a denial of due process
> of law.'" (quoting Martin v. Kaiser, 907 F.2d
> 931, 934 (10th Cir. 1990)))... "[W]e approach
> the fundamental fairness analysis with
> 'considerable self-restraint.' Jackson, 143
> F.3d at 1322 (quoting United States v.
> Rivera, 900 F.2d 1462, 1477 (10th Cir. 1990)
> (en banc)). .... Given the probative nature
> of the photographs, the gruesome character of
> the crime itself, and the wealth of
> additional evidence supporting defendant's
> convictions, the admission of the photographs
> was not so unduly prejudicial as to render
> the proceedings against petitioner
> fundamentally unfair. See Jackson, 143 F.3d
> at 1322. Consequently, petitioner is not
> entitled to relief on this ground.

21 Smallwood v. Gibson, 191 F.3d 1257, 1275 (10th Cir. 1999).

22      Although Petitioner asserts the photographs were

23 admitted solely to inflame the jury, there was at least one

24 permissible inference the jury could draw from the photographs,

25 i.e., premeditation. Accordingly, the admission of the autopsy

26 photographs did not violate Petitioner's right to due process of

27 law and Petitioner is not entitled to federal habeas relief on

28                          -28-

1   the merits of this claim.  See Gerlaugh v. Lewis, 898 F. Supp.

2   1388, 1409-10 (D. Ariz. 1995) (holding the autopsy photographs

3   at issue were not so inflammatory or prejudicial as to render

4   the trial fundamentally unfair).

5        **7. Petitioner argues that the "recent amendments to Arizona's affirmative defense and justification statutes apply**

6   **to his offenses, due to the circumstances of his case."**

7        Petitioner asserted in his direct appeal that he was

8   entitled to a new trial applying the recently-changed system for

9   allocating the burden of proof in a case wherein the issue of

10  self-defense was raised.   In his direct appeal Petitioner

11  asserted  federal  law  did  not  prohibit  the  retroactive

12  application of the state statute to provide relief from his

13  convictions.

14       In response to Petitioner's claim on direct appeal, the

15  Arizona Court of Appeals followed the Arizona Supreme Court's

16  interpretation of the state law and found the statutory changes

17  inapplicable to Petitioner's case:

18           Napier  appears  to  argue  that  recent
             amendments to Arizona's affirmative defense
19           and  justification  statutes  apply  to  his
             criminal offenses which were committed before
20           the effective date of the new statutes. Our
             supreme court  has  already held  that  these
21           amendments, shifting the burden of proof to
             the  State to disprove such defenses, do not
22           apply  to  crimes  committed  before  the
             statutory amendments' effective date of April
23           24,  2006.  Garcia v. Browning  [(State of
             Arizona)], 214 Ariz. 250, 254, ¶ 20, 151 P.3d
24           533,  537  (2007).  Napier's  offenses  were
             committed on or about the [date of] March 13,
25           2005. The changes in the criminal code do not
             apply here.

26

27  Answer, Exh. VV at 10.

28                              -29-

Petitioner committed the crimes enumerated in the indictment on or about March 13, 2005, and, accordingly, his case was not pending when the statute was changed on April 24, 2006.   However, even if state law did render the statutory changes retroactive to Petitioner's case, an alleged violation of a state's own criminal law does not present a cognizable federal habeas claim.

### III Conclusion

Petitioner did not exhaust some of his federal habeas claims in the state courts.  Petitioner has not shown cause for, nor prejudice arising from his default of his claims.   Because Petitioner does not assert that he did not shoot the victim, Petitioner cannot establish that a fundamental miscarriage of justice will occur absent a consideration of his claims.   With regard to the claims properly exhausted in the state courts, the Arizona state courts properly concluded that Petitioner's federal constitutional rights were not violated in his criminal proceedings.

**IT IS THEREFORE RECOMMENDED** that Mr. Napier's Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district

-30-

court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.   Thereafter, the parties have fourteen (14) days within which to file a response to the objections.   Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues.  <u>See</u> <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).   Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

Pursuant to 28 U.S.C. foll. § 2254, R. 11, the District Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The undersigned recommends that, should the Report and Recommendation be adopted and, should Petitioner seek a certificate of appealability, a certificate of appealability should be denied because Petitioner has not made a substantial showing of the denial of a

1   constitutional right as required by 28 U.S.C.A § 2253(c)(2).

2           DATED this 1st day of December, 2010.

3

4                           _____
                                    Mark E. Aspey
5                           United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                   -32-